

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A Digital Forensic Image of the ▓▓▓▓▓▓▓<br>cellular telephone, IMEI number ▓▓▓▓▓▓▓, as<br>further described in Attachment A | )<br>)<br>)<br>)<br>)<br>)    Case No.    MJ21-566 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A Digital Forensic Image of the Samsung Galaxy S8+ cellular telephone, IMEI number 352805090131463, as further described in Attachment A, which is attached hereto and incorporated herein by this reference.

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by this reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C. §§ 641, 1341, 1343,<br>and 1028A | Theft of Public Funds, Mail Fraud, Wire Fraud, and Aggravated Identity<br>Theft |

The application is based on these facts:

✓ See attached Affidavit continued on the attached sheet

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

---

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Robert C. Patterson*
*Applicant's signature*

Special Agent Robert C. Patterson, DHS-ICE
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: _____10/22/2021_____

*Judge's signature*

City and state: Seattle, Washington

Michelle L. Peterson, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF SA ROBERT C. PATTERSON

STATE OF WASHINGTON          )
                             )          ss
COUNTY OF KING               )

I, Robert C. Patterson, being first duly sworn, depose and state as follows:

### AFFIANT BACKGROUND

1.      I am a Special Agent (SA) with United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been so employed since March 2008. I have successfully completed the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ICE-HSI Special Agent Training in Brunswick, Georgia. I have received additional training in complex commercial and trade fraud investigations at the United States Customs and Border Protection Advanced Training Facility in Harper's Ferry, West Virginia. I possess a bachelor's degree in Social Sciences from the University of Washington. As part of my duties as a Special Agent, I have participated in and led numerous investigations involving smuggling, drug trafficking, commercial fraud, intellectual property theft, money laundering, child exploitation, and work-site enforcement. Additionally, I have been involved in all aspects of criminal investigations including surveillance, undercover operations, and am authorized to serve and execute search and arrest warrants. Prior to my employment with ICE-HSI, I was on active duty in the United States Navy for two years and am presently a retired Naval Reservist.

2.      The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested search warrant and does not purport to set forth all of my knowledge of this matter.

Affidavit of SA Robert Patterson
USAO 2021R01005 - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## INTRODUCTION AND PURPOSE OF AFFIDAVIT

3.      This affidavit is made in support of a search warrant for the digital forensic image ( "SUBJECT FORENSIC IMAGE") obtained from the cellular phone seized during the execution of an anticipatory search warrant of the premises of ███████ ███████, Marysville, Washington 98270 (the "SUBJECT PREMISES") on February 23, 2021, for evidence of violations of Title 18, United States Code, Sections 641 (Theft of Public Funds), 1341 (Mail Fraud), 1343 (Wire Fraud), 1028A (Aggravated Identity Theft), and conspiracy to commit these offenses ("SUBJECT OFFENSES"). The SUBJECT FORENSIC IMAGE is in the custody of federal law enforcement agencies and is more fully described in Attachment A to the search warrant.

4.      The items to be seized are evidence, fruits, and instrumentalities of violations of the SUBJECT OFFENSES.  The items to be seized are listed in Attachment B to the search warrant.

## SUMMARY OF PROBABLE CAUSE

5.      ***Search Warrant for Counterfeit Offenses.***  On February 22, 2021, the Honorable Brian A. Tsuchida, granted an application for a search warrant for the address ███████, Marysville, Washington 98270 (the "SUBJECT PREMISES") for evidence, fruits, and instrumentalities of violations of 18 U.S.C. 472 (Passing Counterfeit) and 473 (Dealing in Counterfeit) ("Search Warrant MJ21-101").  On February 23, 2021, agents and taskforce officers with ICE-HSI, the United States Secret Service ("USSS"), with assistance from Customs and Border Protection and the Marysville Police Department, conducted a controlled delivery operation of a seized DHL parcel containing counterfeit U.S. currency and executed the search warrant on the SUBJECT PREMISES.

6.      During the search of the SUBJECT PREMISES, agents discovered and seized a Samsung cellular phone, which ███████ acknowledged belonged to him. A forensic image of the Samsung cellular phone was made by Marysville Police Detective P. McShane and provided to me on March 3, 2021.  The SUBJECT

Affidavit of SA Robert Patterson
USAO 2021R01005 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  FORENSIC IMAGE remains in the possession of the government who have begun to

2  search it pursuant the list of items to be seized in Attachment B of Search Warrant MJ21-

3  101.  The Samsung cellular phone was returned to ████████ in March 2021.

4           7.       During execution of Search Warrant MJ21-101, agents discovered and

5  seized various documents from the SUBJECT PREMISES, including checks from the

6  Commonwealth of Pennsylvania payable to two individuals, ████████

7  ██, both addressed to the SUBJECT PREMISES.  Additionally, an opened envelope

8  with a return address of the "Pennsylvania Treasury" in Harrisburg, Pennsylvania was

9  discovered.

10          8.       Agents discovered and seized approximately 25 photocopied and original

11  MoneyGram receipts, in amounts ranging from $210 to $1,000, each payable to "PA UC

12  Fund" with an address in Harrisburg, Pennsylvania.  Agents also discovered and seized

13  photocopies of three manila envelopes affixed with postage stamps, each addressed to the

14  "PA UC Fund, The Department of Labor and Industry" in Harrisburg, Pennsylvania.  One

15  of the manila envelopes had a return addressee of ████████ at the SUBJECT

16  PREMISES, another with ████████ at the SUBJECT PREMISES, and the third of

17  ████████ at the SUBJECT PREMISES.

18          9.       Upon discovery of these documents, agents provided this information to

19  USSS Special Agent Jack Richards who was conducting a consensual interview of Faisal

20  SHEIKH in a government vehicle parked outside the SUBJECT PREMISES.

21          10.      Special Agent Richards asked ████████ about the checks from

22  Pennsylvania.  ████ responded by stating he and his wife, ████████, had

23  attempted to apply for Washington State unemployment benefits but her application was

24  rejected.  He stated he heard that Pennsylvania would pay him unemployment benefits.

25  He then worked with a friend in Minnesota named ████████, who told ████to use

26  ████'s father's and sister's information to apply for unemployment benefits from

27  Pennsylvania.  ████ told ████ that these two individuals live in Virginia.

28  ████████then told agents he also applied for unemployment benefits from Pennsylvania

Affidavit of SA Robert Patterson
USAO 2021R01005 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  for his wife. ▮▮▮▮▮▮ told agents that after he received the money from Pennsylvania, he

2  knew that it was wrong and sent the money back. ▮▮▮▮▮▮ gave confusing and

3  conflicting statements as to whether he had cashed the checks from Pennsylvania that

4  were payable to ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮ and whether or not he had

5  sent that money to those individuals. ▮▮▮▮▮ stated that ▮▮▮ and ▮▮▮ are ▮▮▮▮'s

6  father and sister, respectively.  He also provided conflicting statements about the

7  MoneyGram money orders.

8      11.    ***COVID-19 Unemployment Benefits.***  Based on publicly available

9  information, I know that on March 27, 2020, the United States enacted into law the

10  Coronavirus Aid, Relief, and Economic Security ("CARES") Act.  The CARES Act

11  authorized approximately $2 trillion in aid to American workers, families, and businesses

12  to mitigate the economic consequences of the COVID-19 pandemic.  The CARES Act

13  funded and authorized each state to administer multiple new unemployment benefits,

14  including additional weekly payments, extension of benefits after regular benefits are

15  exhausted, and benefits for workers who are not ordinarily eligible for unemployment

16  benefits.

17      12.    CARES Act unemployment benefits were funded by the United States

18  government through the Department of Labor and administered at the state level by state

19  agencies known as state workforce agencies ("SWAs").

20      13.    I know from my contact with other law enforcement officers that,

21  beginning on around April 20, 2020, officials began receiving complaints from

22  employers about potentially fraudulent unemployment claims.  The employers reported

23  that they had received notices from SWAs indicating that persons still under their employ

24  had filed unemployment claims.  SWAs nationwide also began reporting widespread

25  fraud and attempted fraud in connection with CARES Act unemployment benefits.

26      14.    Since 2020 and in response to widespread unemployment insurance fraud

27  related to the COVID-19 pandemic, U.S. Department of Labor, Office of Inspector

28  General ("DOL-OIG") has maintained a database of unemployment claim data based on

Affidavit of SA Robert Patterson
USAO 2021R01005 - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    information submitted by SWAs nationwide that are responsible for administering

2    unemployment benefits.  Among other data, the database includes the claimant's name,

3    Social Security number, date of birth, email address, Internet Protocol ("IP") address,

4    mailing address, and date and timestamp of application submission, bank account

5    number, and total benefit paid.

6         15.    IP address information can help to identify where computers or other

7    devices were used to submit the application for unemployment benefits, which can also

8    help establish who had domain over the computers or other devices that submitted the

9    applications.

10        16.    ***Indicators of Fraud.***  A search of the DOL-OIG database for █████

11   ████████████████'s identities yielded unemployment applications submitted to

12   Pennsylvania from the same IP address, ██████████, which is located in Lancaster

13   County, Pennsylvania.  The mailing address associated with █████ and █████ is the

14   address for SUBJECT PREMISES in Marysville, Washington, and ████████'s mailing

15   address for her Pennsylvania claim is in Snohomish, Washington.  The Snohomish

16   address also matches the address on her and ████████'s Washington State driver's

17   licenses, and according to the Snohomish County Assessor's website, is owned by ████

18   ████. ████████ is ████████'s brother, and a vehicle registered in his name

19   was present at the SUBJECT PREMISES during the execution of Search Warrant MJ21-

20   101.

21        17.    Based on the DOL-OIG database, between May 14, 2020, and May 20,

22   2020, the ████████ IP address is associated with filing 12 applications for

23   unemployment benefits from the Commonwealth of Pennsylvania ("Suspicious Claims"),

24   including the claims for ████████████████  Only two of the mailing

25   addresses provided for these 12 applications are within the Commonwealth of

26   Pennsylvania.  In addition to ████████'s claim, two additional claims are associated

27   with the same mailing address in Snohomish, Washington.

28

Affidavit of SA Robert Patterson
USAO 2021R01005 - 5

18.     In response to a subpoena, Comcast provided records showing that the ██████████ IP address is assigned to a subscriber located at XXX ████████████, Lititz, Pennsylvania.  One of the emails associated with the internet service account at this address is ████████████████ and the telephone number for the account is XXX-XXX-██.  One of the 12 claimants for the Suspicious Claims is ██████████, and XXX-XXX-██ is listed as her telephone number on the application.

19.     In or about May 2021, Pennsylvania Department of Labor and Industry ("PADOL") provided documents related to six subjects whose names were found on documents seized during the execution of Search Warrant MJ21-101, were present during the search, were referenced in ████████'s statements, and/or whose claims were associated with the Snohomish address: ████████████████████████████████ ████████████████████████.  PADOL documents show that claims were filed for these six individuals from the IP address 174.59.33.135 between May 14 and May 18, 2020.  ████████████ claim was associated with a mailing address in Lancaster County, Pennsylvania; the five remaining claims were all associated with either the Snohomish address or the SUBJECT PREMISES.  The PADOL documents showed that $76,930 was paid for these six claims.

20.     Based on my training and experience, I know that a common IP address associated with 12 different PADOL unemployment benefits applications that were submitted online over a one-week period means it is likely the same person or device from the same location submitted all 12 applications.  ████████████ admitted that he applied for and received Pennsylvania unemployment benefits for three of the identified applications.  Accordingly, based on my training and experience, I have probable cause to believe that ████████ and/or someone he knows submitted all 12 unemployment benefit applications.

21.     Search Warrant MJ21-101 authorized the SUBJECT FORENSIC IMAGE to be searched for stored contact information.  On or about September 13, 2021, I

Affidavit of SA Robert Patterson
USAO 2021R01005 - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

searched the SUBJECT FORENSIC IMAGE and discovered contacts for 10 of the 12

individuals whose names were used for the Suspicious Claims, including ██████████.

22.     Search Warrant MJ21-101 also authorized the SUBJECT FORENSIC

IMAGE to be searched for sent or received calls.  Call logs show approximately 125 calls

between ████  ████████  and ████████████  and hundreds of calls between ████████  and

at least six individuals whose names are claimants for the Suspicious Claims.

## BACKGROUND ON CELLULAR PHONES

26.     As described above and in Attachment B, this application seeks permission

to search the SUBJECT FORENSIC IMAGE of the Samsung cellular phone seized at

SUBJECT PREMISES.  Based on my training and experience, I know that persons

engaged in a conspiracy to defraud will often use cellular phones to text or otherwise

communicate with their co-conspirators.

27.     Based on my training and experience, I know that a cellular phone usually

contains a "call log," which records the telephone number, date, and time of calls made to

and from the phone.  Cellular phones may also include global positioning system

("GPS") for determining the location of the device.  A cellular phone usually also has the

ability to take and store pictures as digital picture files using a built-in camera.  In my

training and experience, examining data stored on devices of this type can uncover,

among other things, evidence that reveals or suggests who possessed or used the device

and communications between the user of the device and others. Based on my knowledge,

training, and experience, I know that electronic devices can store information for long

periods of time.

28.     There is probable cause to believe that things that were once stored on the

Subject Device may still be stored there, for at least the following reasons:

a.  Based on my knowledge, training, and experience, I know that computer

files or remnants of such files can be recovered months or even years after

they have been downloaded onto a storage medium, deleted, or viewed via

Affidavit of SA Robert Patterson
USAO 2021R01005 - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost.  Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.  Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.  In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.  Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it.  To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files.  Computer users typically do not erase or delete this evidence, because special software is typically required for that task.  However, it is technically possible to delete this information.

d.  Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

29.  ***Forensic Evidence***: As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when.

Affidavit of SA Robert Patterson
USAO 2021R01005 - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

There is probable cause to believe that this forensic electronic evidence might be on the Device because:

30.     Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

31.     Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

32.     A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

33.     The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

34.     Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

35.     ***Nature of examination***.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the SUBJECT FORENSIC IMAGE consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to imaging or otherwise copying storage media, or using computer-assisted scans of the entire medium,

Affidavit of SA Robert Patterson
USAO 2021R01005 - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION AND REQUEST FOR SEALING

36.     As set forth above, the SUBJECT FORENSIC IMAGE was seized pursuant to Search Warrant MJ21-101 for counterfeit-related offenses.  However, based on evidence gathered during and after execution of Search Warrant MJ21-101, as detailed above, there is probable cause to believe that the SUBJECT FORENSIC IMAGE contains evidence, fruits and/or instrumentalities of crimes beyond the scope of Attachment B of Search Warrant MJ21-101.  Accordingly, the warrant I am applying for will permit seizing evidence, fruits and/or instrumentalities of the SUBJECT OFFENSES, as specified in Attachment B of this application.

37.     Based on the information contained herein, I request that the Court issue the proposed warrant and seal all material in support of this application.  Although SHEIKH is aware of the investigation generally, premature disclosure of the warrant, affidavit, or other material may alert the targets of the scope and nature of the investigation and result in the destruction of evidence or flight of the suspects.  It is respectfully requested that this Court issue an order sealing all papers submitted in support of this application, including this affidavit, the application, and search warrant until the earliest of the following: (a) two weeks following the unsealing of any charging document in a matter for which the warrants were issued; (b) two weeks following the closure of the investigation for which the warrants were issued; or (c) sixteen months

//
//
//

Affidavit of SA Robert Patterson
USAO 2021R01005 - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  following issuance of the warrant, unless the Court, upon motion of the government for

2  good cause, orders an extension of this Order.

3

4

5

6  *Robert C. Patterson*

ROBERT C. PATTERSON, Affiant

7  Special Agent, DHS-ICE

8

9       The above-named agent provided a sworn statement attesting to the truth of the

10  contents of the foregoing affidavit by telephone on the 22nd day of October, 2021.

11

12

13  MICHELLE L. PETERSON

United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Affidavit of SA Robert Patterson
USAO 2021R01005 - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **ATTACHMENT A**

### **Property to Be Searched**

The property to be searched ("SUBJECT FORENSIC IMAGE") is the digital forensic image of the ████████████ cellular telephone, IMEI number ██████████. Federal law enforcement agencies currently have custody of the SUBJECT FORENSIC IMAGE.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

**Particular Things to be Seized**

The government is authorized to seize the following material:

For the period of March 27, 2020 to the present, the following records on the SUBJECT FORENSIC IMAGE, as described in Attachment A, that relate to violations of Title 18, United States Code, Sections 641 (Theft of Public Funds), 1341 (Mail Fraud), 1343 (Wire Fraud), 1028A (Aggravated Identity Theft), and conspiracy to commit these offenses ("SUBJECT OFFENSES"):

1.    Any material mentioning, referring or relating to unemployment benefits administered by the United States or any U.S. state, including material relating to the Pennsylvania Department of Labor and Industry or any other state workforce agency;

2.    Any material listing personal identifying information, including full names, Social Security numbers, addresses, phone numbers, or email addresses;

3.    Any identification cards or documents, such as driver's licenses, passports, or employment identification cards;

4.    Evidence of user attribution showing who used or owned the cellular phone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and

5.    Evidence on the SUBJECT FORENSIC IMAGE showing the location of the phone at the time the things described in this warrant were created, edited or deleted.

This warrant authorizes a review of electronic-storage media and electronically stored information seized or copied pursuant to this warrant to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney

Attachment B - 1
USAO# 2021R01005

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  support staff, and technical experts.  Pursuant to this warrant, the investigative agency

2  may deliver a complete copy of the seized or copied electronic data to the custody and

3  control of attorneys for the government and their support staff for their independent

4  review.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attachment B - 2
USAO# 2021R01005

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970